UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD. and RIVERSIDE PLYWOOD CORP., : : : Plaintiffs, : : v. : : UNITED STATES, : : Defendant. : : | Court No. 22-00210 |

## COMPLAINT

Plaintiffs Baroque Timber Industries (Zhongshan) Co., Ltd. ("Baroque") and Riverside Plywood Corp. ("Riverside") (collectively "Plaintiffs"), by and through undersigned counsel, hereby allege and state as follows:

### ADMINISTRATIVE DECISION TO BE REVIEWED

1. Plaintiffs seek review of the final results of the U.S. Department of Commerce, International Trade Administration's ("the Department" or "Commerce") eighth administrative review of the countervailing duty ("CVD") order multilayered wood flooring from the People's Republic of China (C-570-971), which was published as *Multilayered Wood Flooring from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019,* 87 Fed. Reg. 36,305 (June 16, 2022) ("Final Results"), and the accompanying Issues and Decision Memorandum ("IDM").

## JURISDICTION

2. This action is filed pursuant to 19 U.S.C. §§1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFF

3. Plaintiffs are Chinese producers and exporters of certain multilayered wood flooring ("MLWF" or "subject merchandise") from the People's Republic of China ("China"). Plaintiffs participated in the Department's administrative review proceeding that resulted in the challenged determination as mandatory respondents and are subject to the Department's Final Results. Therefore, Plaintiffs are interested parties as described in section 771(9)(A) of the Tariff Act of 1930 (the "Act"), as amended, 19 U.S.C. § 1677(9)(A), and have standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

4. Section 516A(a)(2)(A)(i) of the Act requires that, in actions challenging the Department's determinations pursuant to section 516A(a)(2)(B)(iii) regarding administrative reviews, the summons must be filed within 30 days of the date of publication in the Federal Register of the notice of determination. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published its final results of the administrative review on June 16, 2022.

5. This action was commenced within 30 days of the date of publication of the Department's Final Results through the filing of a Summons on July 18, 2022.[1] This Complaint is being filed within 30 days of the filing of the Summons. Thus, the Summons and Complaint

---

[1] 30 days from June 16, 2022 was July 16, 2022, a Saturday. This summons was timely filed the next business day.

have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Court's Rules.

## BACKGROUND

6.     The Department issued its countervailing duty order on multilayered wood flooring from China on December 8, 2011. *Multilayered Wood Flooring from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 76,692 (Dec. 8, 2011).

7.     On February 4, 2021, the Department initiated its administrative review of the CVD order on MLWF from China, covering the period of review ("POR") from January 1, 2019, through December 31, 2019. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 81,66 (February 4, 2021).

8.     Subsequent to the initiation of the review, by memorandum dated March 19, 2021, the Department selected Plaintiff Riverside and one other Chinese manufacturer/exporter, Jiangsu Senmao Bamboo and Wood Industry Co., Ltd. ("Senmao"), as mandatory respondents to individually investigate in the review. On March 23, 2021, the Department issued its initial CVD questionnaire to these companies.

9.      Riverside (and its cross-owned affiliate, Baroque) timely filed their response to the affiliation portion of the Department's initial CVD questionnaire on April 13, 2021, and on May 14, 2021, timely filed the remainder of their response to the Department's initial questionnaire, identifying subsidy programs from which the companies received benefits during the POR.

10.     Plaintiffs timely responded to all additional supplemental questionnaires issued by the Department to the companies.

11.     Plaintiffs submitted timely factual information on November 23, 2021, for the Department's use in the valuation of the in benchmarks under the applicable less than adequate remuneration subsidy programs (19 C.F.R. § 351.511) for reported plywood, veneer, fiberboard, paint/stain, and adhesive/glue purchases, and rebuttal benchmark information on December 2, 2021, in response to the benchmark data submitted by Petitioners.

12.     The Department published its Preliminary Results of the administrative review on December 27, 2021. *Multilayered Wood Flooring from the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review, and Intent To Rescind Review, in Part; 2019,* 86 Fed. Reg. 73,244 (Dec. 27, 2021) ("Preliminary Results"), along with its accompanying Preliminary Decision Memorandum.

13.     In its Preliminary Results, the Department preliminarily found that Plaintiffs had received countervailable benefits during the POR, calculating a preliminary CVD rate of 22.70% for the companies.

14.     On February 22, 2022, Plaintiffs filed their administrative case brief challenging certain decisions and findings in the Department's Preliminary Results, including, among other things that: (1) the Department should adjust its calculation of the benchmark for plywood and veneers using International Tropical Timber Organization ("ITTO") grade prices only, rather than a combination of ITTO and UNComtrade data; (2) the Department should reverse its adverse facts available ("AFA") finding that certain of Plaintiffs' input suppliers were government authorities; and (3) the Department should not countervail the Export Buyer's Credit Program ("EBCP"). Plaintiffs also incorporated by reference arguments made by the Government of China and non-selected respondent Fine Furniture (Shanghai) Limited ("Fine Furniture"), including arguments regarding the inland freight cost applied to the benchmarks.

15. Plaintiffs filed their rebuttal brief on March 2, 2022, rebutting Petitioner's arguments, which primarily related to the input benchmarks used in the preliminary results.

16. On June 16, 2021, the Department published its Final Results, assigning Plaintiffs a final CVD rate of 12.74%. 87 Fed. Reg. at 36,306. In these Final Results, the Department accepted some of Plaintiffs' arguments and rejected others. Specifically, the Department (1) rejected Plaintiffs' arguments that ITTO should be the only source to value the benchmarks for plywood and veneer; (2) rejected Plaintiffs' argument that AFA was not applicable and that substantial evidence demonstrated that certain of Plaintiffs' input suppliers were not government authorities; (3) rejected Plaintiffs' and Fine Furniture's arguments regarding inland freight; and (4) rejected Plaintiffs' argument that the EBCP was not used and that AFA was not warranted.

## STATEMENT OF CLAIMS

### COUNT ONE

17. Paragraphs 1 to 16 are adopted and incorporated herein by reference.

18. In its Final Results, the Department rejected Plaintiffs' arguments that the Department should rely only on grade C/CC ITTO data to value the plywood benchmark under 19 C.F.R. § 351.511(a)(2)(ii), and determined instead that it would continue to weight-average ITTO data and UNComtrade data on the record to value this input. IDM at Cmt. 8.

19. In making this determination, the Department did not appropriately consider substantial record evidence that Plaintiffs only purchased and used grade C/D plywood during the POR and, thus, the Department should have compared the ITTO grade specific prices to Plaintiffs' purchases rather than using UNComtrade data in benchmark, which contained all different grades of plywood (*i.e.*, grades A to D).

20. Pursuant to 19 U.S.C. § 1677(5)(E)(iv), 19 C.F.R. § 351.511(a)(2)(ii), and long-standing Department practice, the Department is required to calculate benchmarks using the most product-specific world price possible.

21. The failure to not use the most product specific benchmark for plywood results in the Department's findings and calculations being unsupported by record evidence and not in accordance with the law.

## COUNT TWO

22. Paragraphs 1 to 21 are adopted and incorporated herein by reference.

23. In its Final Results, the Department rejected Plaintiffs' arguments that the Department should rely only on ITTO data to value face and back veneer, and determined instead that it would continue to weight-average ITTO data and UNComtrade data for the face veneer and back veneer benchmark applied to Plaintiffs' purchases for the LTAR benefit calculation. IDM at Cmt. 8.

24. In making this determination, the Department did not appropriately consider substantial record evidence that the ITTO data was more specific to the input being valued, i.e., face and back veneer, than was the UNComtrade data since the UNComtrade data did not differentiate between different types of veneer.

25. Pursuant to 19 U.S.C. § 1677(5)(E)(iv), 19 C.F.R. § 351.511(a)(2)(ii), and long-standing Department practice, the Department is required to calculate benchmarks using the most product-specific world price possible.

26. The Department's findings and calculations with regard to the benchmark for veneer are unsupported by record evidence and not in accordance with the law.

## COUNT FOUR

27. Paragraphs 1 to 26 are adopted and incorporated herein by reference.

28. In its Final Results, the Department applied an inland freight charge to all of the input benchmarks pursuant to 19 C.F.R. § 351.511(a)(2)(iv). The Department did not use Plaintiffs' own reported inland freight costs but instead calculated an inland freight cost using a simple average of Beijing and Shanghai inland freight rates as reported in the World Bank's *Doing Business in China 2020 Report*. IDM at Cmt. 10

29. The Department's failure to use Plaintiffs' own reported costs and to use a simple average calculation rather than a weighted average calculation was unsupported by record evidence and not in accordance with the law.

## COUNT THREE

30. Paragraphs 1 to 29 are adopted and incorporated herein by reference.

31. In its Final Results, the Department applied AFA to the Government of China ("GOC") for the failure to cooperate and provide information sufficient for the Department to determine whether Plaintiffs' input suppliers were government authorities.

32. As AFA, the Department considered all of Plaintiffs' input suppliers to be government authorities, thereby countervailing all input purchases from these suppliers.

33. In making this determination, the Department ignored record evidence that certain of Plaintiffs' suppliers that were wholly owned by individuals were not government authorities.

34. The Department's AFA finding was therefore unsupported by substantial evidence and not in accordance with the law.

## COUNT FOUR

35. Paragraphs 1 to 34 are adopted and incorporated herein by reference.

36. The Department investigated the EBCP in this review and found the lack of GOC cooperation in providing certain information with regard to this program warranted the application of AFA to the GOC and, by extension, to Plaintiffs. As a result, the Department presumed that Plaintiffs' U.S. importers received credits under this program and assigned Plaintiffs a CVD rate of 0.84% for this program.

37. Irrespective of the GOC's responses and alleged lack of cooperation, Plaintiffs certified that their affiliated U.S. importer did not use this program and provided declarations from its U.S. importer customers, which certified to the fact that they did not use this program.

38. The Department chose not to verify any of these customer declarations, in spite of the fact that it has done so in previous cases. It also chose not to accept Plaintiffs' and their customers' declarations of non-use in spite of the fact that it has done so even in cases where the GOC's actions warranted AFA.

39. The Department's finding, as AFA, that Plaintiffs used this program was unsupported by substantial evidence and not in accordance with the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(a) hold that the Department's Final Results are unsupported by substantial evidence and otherwise not in accordance with law;

(b) remand the Final Results with instructions to issue a new determination that is consistent with the Court's decision; and

(c)    provide such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    GRUNFELD, DESIDERIO, LEBOWITZ
    SILVERMAN & KLESTADT LLP

    /s/ Francis J. Sailer
    Francis J. Sailer
    Andrew T. Schutz
    Jordan Kahn
    Kavita Mohan
    Michael S. Holton

Dated: August 17, 2022