UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD. and RIVERSIDE PLYWOOD CORPORTION,** | Before: Timothy M. Reif, Judge |
| Plaintiff, | Consol. Court No. 22-00210 |
| **ZHEJIANG DADONGWU GREENHOME WOOD CO., LTD., et al.,** | |
| Consolidated Plaintiffs, | |
| **LUMBER LIQUIDATORS SERVICES, LLC,** | |
| Plaintiff-Intervenor, | |
| v. | |
| **UNITED STATES,** | |
| Defendant, | |
| **AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, et al.,** | |
| Defendant-Intervenor. | |

## ORDER

Upon consideration of Plaintiff-Intervenor's Rule 56.2 Motion for Judgment on the Agency Record, and all other papers and proceedings, it is hereby:

**ORDERED** that Plaintiff-Intervenor's Rule 56.2 Motion for Judgment on the Agency Record is **GRANTED**; and it is further

**ORDERED** that this case is remanded to the U.S. Department of Commerce in accordance with the Court's decision.

**SO ORDERED.**

**Date: _____, 2023**
**New York, New York**                                                    _____
                                                                              **Timothy M. Reif, Judge**

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **BAROQUE TIMBER INDUSTRIES (ZHONGSHAN) CO., LTD.** and **RIVERSIDE PLYWOOD CORPORTION,** | Before: Timothy M. Reif, Judge |
| Plaintiff, | Consol. Court No. 22-00210 |
| **ZHEJIANG DADONGWU GREENHOME WOOD CO., LTD., et al.,** | |
| Consolidated Plaintiffs, | |
| **LUMBER LIQUIDATORS SERVICES, LLC,** | |
| Plaintiff-Intervenor, | |
| v. | |
| **UNITED STATES,** | |
| Defendant, | |
| **AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, et al.,** | |
| Defendant-Intervenor. | |

**PLAINTIFF-INTERVENOR'S RULE 56.2**
**MOTION FOR JUDGMENT ON THE AGENCY RECORD**

                                                    Mark Ludwikowski
                                                    Kevin Williams
                                                    William Sjoberg
                                                    Kelsey Christensen

                                                    **CLARK HILL, PLC**
                                                    1001 Pennsylvania Avenue, NW
                                                    Suite 1300
                                                    Washington, DC 20004

**March 9, 2023**

iii

## TABLE OF CONTENTS

MOTION ..................................................................................................................................... 1

STATEMENT OF ISSUES PRESENTED ............................................................................... 2

STANDARD OF REVIEW AND JURISDICTION ................................................................. 2

ARGUMENT ............................................................................................................................. 5

    I.    Commerce Unlawfully Applied AFA to Countervail the EBCP ............................. 5

        1.    Commerce Failed to Establish that Mandatory Respondents Did Not Act to the Best of Their Ability ....................................................... 5

        2.    Commerce Consequently Failed to Address Its Deviation From Long-Standing Practice ........................................................................ 6

    II.    Even if Commerce Lawfully Applied AFA to Countervail the EBCP, Its Decision Was Not Supported by the Record ......................................... 7

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) .......................................................... 2

*Archer Daniels Midland Co. v. United States*, 917 F.Supp.2d 1331 (Ct. Int'l Trade 2013) ............................................................................................................................................. 3

*Changzhou Trina Solar Energy Co., Ltd. v. United States*, 195 F.Supp.3d 1334, 1350 (Ct. Int'l Trade 2016) ................................................................................................................ 7

*Clearon Corp. v. United States*, 359 F.Supp.3d 1344, 1360 (Ct. Int'l Trade 2019) ....................... 5

*Consolidated Edison Corp. v. NLRB*, 305 U.S. 197, 229 (1938) .................................................... 2

*F.lli De Cecco Di Filippo Fara S. Martino S.p.A. v. United States*, 216 F.3d 1027, 1032 (Fed. Cir. 2000) ........................................................................................................................ 3

*Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) .................................... 2

*Guizhou Tyre Co., Ltd. v. United States*, 348 F.Supp.3d 1261, 1270 (Ct. Int'l Trade 2018) .......................................................................................................................................... 4

*Guizhou Tyre Co., Ltd. v. United States*, 399 F.Supp.3d 1346, 1348 (Aug. 21, 2019) ............................................................................................................................................... 7

*Yama Ribbons and Bows Co., Ltd. v. United States*, 419 F.Supp.3d 1341, 1348 (Ct. Int'l Trade 2019) ................................................................................................................ 8

**STATUTES**

19 U.S.C. § 1516a .......................................................................................................................... 4

19 U.S.C. § 1516a(a)(2)(A)(i)(I) .................................................................................................... 4

19 U.S.C. § 1516a(b)(1)(B)(i) .................................................................................................... 2, 4

19 U.S.C. § 1516a(d) ..................................................................................................................... 4

19 U.S.C. § 1677e(a) ..................................................................................................................... 6

19 U.S.C. § 1677e(b) .............................................................................................................. 3, 5, 6

19 U.S.C. § 1677e(b)(1)(A) ........................................................................................................... 3

19 U.S.C. §1516a(a)(2)(B)(iii) ...................................................................................................... 4

28 U.S.C. § 1581(c) ................................................................................................................ 4

U.S.C. § 1677e(a)(2)(A) ........................................................................................................ 3

**ADMINISTRATIVE AUTHORITIES**

*Countervailing Duty New Shipper Review: Certain In-shell Roasted Pistachios from the Islamic Republic of Iran*, 73 Fed. Reg. 9993 (Feb. 25, 2008) ....................................... 3, 6

*Multilayered Wood Flooring From the People's Republic of China: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review, and Intent to Rescind Review, in Part; 2019*, 86 Fed. Reg. 73244 (Dec. 27, 2021) .............................. 5

# PLAINTIFF-INTERVENOR'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

## MOTION

Plaintiff-Intervenor, Lumber Liquidators Services, LLC, ("Lumber Liquidators"), a domestic importer of the subject merchandise, by and through their attorneys, hereby submit this Rule 56.2 Motion for Judgment on the Agency Record.

Lumber Liquidators challenges certain aspects of the final results of the ninth administrative review of the antidumping duty order on Multilayered Wood Flooring ("MLWF") from the People's Republic of China conducted by the United States Department of Commerce ("Commerce"). *Multilayered Wood Flooring From the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review; 2019*, 87 Fed. Reg. 36305 (June 16, 2022) ("*Final Results*"), and accompanying Issues and Decision Memorandum for the Final Results of the 2019 Countervailing Duty Administrative Review of Multilayered Wood Flooring from the People's Republic of China, dated June 10, 2022 ("Final IDM").

Lumber Liquidators supports and incorporates by reference arguments made by Plaintiffs in their Rule 56.2 Motion for Judgment on the Agency Record (ECF No. 44) regarding Commerce's application of adverse facts available ("AFA") to the Export Buyer's Credit Program ("EBCP") as unlawful. In addition, Lumber Liquidators submits that Commerce failed to establish that mandatory respondents did not cooperate to the best of their ability. Assuming *arguendo* that Commerce failed to establish non-cooperation by mandatory respondents, Commerce must also explain its deviation from the long-standing practice to not apply AFA based solely on the non-cooperation of a government respondent. Additionally, even if Commerce's application of AFA were lawful, its decision to countervail the EBCP based solely

on AFA was not supported by substantial evidence or otherwise in accordance with the law because Commerce failed to address adequately record evidence that fairly detracted from its conclusion.

Accordingly, Lumber Liquidators respectfully moves this Court to remand the case back to Commerce with instructions to reconsider aspects of its determination in accordance with this Court's decision.

## STATEMENT OF ISSUES PRESENTED

1. Whether Commerce lawfully applied AFA to the EBCP in its *Final Results*.
2. Whether Commerce's decision to countervail the EBCP was supported by substantial evidence.

## STANDARD OF REVIEW AND JURISDICTION

This Court must "hold unlawful any determination, finding, or conclusion found … to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "Substantial evidence is more than a mere scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (quoting *Consolidated Edison Corp. v. NLRB*, 305 U.S. 197, 229 (1938)). This standard "requires more than mere assertion of 'evidence which in and of itself justified {the determination}, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn.'" *Gerald Metals, Inc. v. United States*, 132 F.3d 716, 720 (Fed. Cir. 1997) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). The existence of substantial evidence must be determined in view of the record as a whole, including "whatever in the record fairly detracts from its weight." *Id*. (quoting *Universal Camera*, 340 U.S. at 488).

To lawfully apply AFA, Commerce must first (1) establish that "necessary information is not available on the record" and (2) that Commerce specifically requested that information. 19 U.S.C. § 1677e(a)(2)(A). If those criteria are met, the Department must also establish that (3) a respondent failed to cooperate to the best of its ability to comply by not providing the requested information. 19 U.S.C. § 1677e(b). Only when all three of these requirements are met, may Commerce "use an inference that is adverse to the interest of that party in selecting from among the facts otherwise available." 19 U.S.C. § 1677e(b)(1)(A).

When the application of AFA is based on the failure of a government respondent, additional considerations apply. For example, Commerce established a long-standing practice not to assign an adverse facts available rate to a respondent in CVD proceedings based solely on the fact that the foreign government failed to participate to the best of its ability. *See Countervailing Duty New Shipper Review: Certain In-shell Roasted Pistachios from the Islamic Republic of Iran*, 73 Fed. Reg. 9993 (Feb. 25, 2008) and accompanying Issues and Decisions Memorandum ("*Roasted Pistachios from Iran*") at Cmt. 2. The CIT and Federal Circuit have also endorsed this principle, noting that "{t}he application of AFA to the GOC under such circumstances may adversely impact a cooperating party, although *Commerce should seek to avoid such impact if relevant information exists elsewhere on the record*." *Archer Daniels Midland Co. v. United States*, 917 F.Supp.2d 1331 (Ct. Int'l Trade 2013) (emphasis added); *see also F.lli De Cecco Di Filippo Fara S. Martino S.p.A. v. United States*, 216 F.3d 1027, 1032 (Fed. Cir. 2000) ("{T}he purpose of section 1677e(b) is to provide respondents with an incentive to cooperate, not to impose punitive, aberrational, or uncorroborated margins."). Moreover, the CIT has stated:

> To apply AFA in circumstances where relevant information exists elsewhere on the record – that is, solely to deter non-cooperation or 'simply punish' – would make the agency's determination

3

>based on an incomplete (and therefore, inaccurate) account of the record; that is a fate this court should sidestep.

*Guizhou Tyre Co., Ltd. v. United States*, 348 F.Supp.3d 1261, 1270 (Ct. Int'l Trade 2018) ("*Guizhou* I"). When Commerce has deviated from this practice, the CIT has repeatedly remanded the matters, finding that application of AFA in circumstances where relevant information exists elsewhere on the record should be avoided.

Lumber Liquidators intervened in this action, which is properly before this Court pursuant to section 516A of the Tariff Act of 1930, as amended (19 U.S.C. § 1516a(a)(2)(A)(i)(I) and §§1516a(a)(2)(B)(iii)), which provides that certain antidumping or countervailing duty orders on the record are reviewable by this Court. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. § 1581(c), which provides jurisdiction over civil actions commenced under 19 U.S.C. § 1516a. The standard of review, as set forth in section 516A(b)(1)(B)(i) of the Act and reviewed above, 19 U.S.C. § 1516a(b)(1)(B)(i), is whether the determinations, findings, or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

On June 16, 2022, Commerce published the *Final Results* in the Federal Register (P.R. 375). Plaintiffs filed their summons on July 18, 2022 (ECF No. 1) within 30 days of said publication. Plaintiff-Intervenor filed its Consent Motion to Intervene as a Matter of Right on September 15, 2022, (ECF No. 16), 30 days after receipts of Plaintiffs' Complaint. Thus, Plaintiff-Intervenor's Motion was timely filed pursuant to 19 U.S.C. § 1516a(d) and USCIT Rule 24. On September 16, 2022, the Court granted Plaintiff-Intervenor's Motion to Intervene in Case No. 22-00210. *See* Order on Motion to Intervene (ECF No. 23).

# ARGUMENT

**I.     Commerce Unlawfully Applied AFA to Countervail the EBCP**

Lumber Liquidators agrees with, and incorporates by reference, Plaintiffs' arguments that Commerce's robotic decision on EBCP has been consistently rejected by this Court, lacks factual support, and is directly contradicted by the record. Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record (ECF No. 44). Additionally, Lumber Liquidators asserts that Commerce failed to establish that mandatory respondents did not cooperate to the best of their ability and, as a result, Commerce must also explain its deviation from its long-standing practice to not apply AFA based solely on the non-cooperation of a government respondent.

### 1.  Commerce Failed to Establish that Mandatory Respondents Did Not Act to the Best of Their Ability

As discussed above, to lawfully apply AFA, the statute requires Commerce to establish that a respondent failed to cooperate by not acting to the best of its ability to comply with a request for information. 19 U.S.C. § 1677e(b). Commerce can only apply AFA when "an interested party has failed to cooperate by not acting to the best of its ability to comply with a request for information from the administering authority…" *Clearon Corp. v. United States*, 359 F.Supp.3d 1344, 1360 (Ct. Int'l Trade 2019). In the underlying administrative proceeding, Commerce discussed at length its application of AFA to the EBCP based on a finding of non-cooperation by the government respondent, the Government of China ("GOC"). Final IDM at 9, 23, 30-39 (P.R. 369) (citing *Multilayered Wood Flooring From the People's Republic of China: Preliminary Results and Partial Rescission of Countervailing Duty Administrative Review, and Intent to Rescind Review, in Part; 2019*, 86 Fed. Reg. 73244 (Dec. 27, 2021) ("*Preliminary Results*"), and accompanying Preliminary Decision Memorandum ("PDM") at 10-34 (P.R. 302)). By contrast, Commerce only mentioned non-cooperation of mandatory respondents in a cursory

5

manner. Final IDM at 39 (P.R. 369). Specifically, Commerce did not adequately explain or distinguish its findings that mandatory respondents "did not provide the information requested" and "withheld necessary information," under the statute at 19 U.S.C. § 1677e(a), from its finding that mandatory respondents "did not act to the best of their ability," a finding required under 19 U.S.C. § 1677e(b) to apply AFA. *See* Final IDM at 39 (P.R. 369). For this reason, the Court should find that Commerce failed to meet its burden to establish non-cooperation by mandatory respondents.

### 2. Commerce Consequently Failed to Address the Deviation from Its Long-Standing Practice

Assuming *arguendo* that Commerce failed to establish non-cooperation by mandatory respondents, Commerce also failed to substantiate its deviation from its long-standing practice to refrain from applying AFA to such respondents based on the non-cooperation of a government respondent. As noted above, Commerce has established a long-standing practice not to assign an adverse facts available rate to a respondent in CVD proceedings based solely on the fact that the foreign government failed to participate to the best of its ability. *See Countervailing Duty New Shipper Review: Certain In-shell Roasted Pistachios from the Islamic Republic of Iran*, 73 Fed. Reg. 9993 (Feb. 25, 2008) and accompanying Issues and Decisions Memorandum ("*Roasted Pistachios from Iran*") at Cmt. 2. The CIT and Federal Circuit have endorsed this principle, noting that "{t}he application of AFA to the GOC under such circumstances may adversely impact a cooperating party, although *Commerce should seek to avoid such impact if relevant information exists elsewhere on the record*." *Archer Daniels Midland Co. v. United States*, 917 F.Supp.2d 1331 (Ct. Int'l Trade 2013) (emphasis added); *see also F.lli De Cecco Di Filippo Fara S. Martino S.p.A. v. United States*, 216 F.3d 1027, 1032 (Fed. Cir. 2000) ("{T}he purpose of section 1677e(b) is to provide respondents with an incentive to cooperate, not to impose

6

punitive, aberrational, or uncorroborated margins."). If the Court finds that Commerce failed to establish non-cooperation by mandatory respondents, it should also remand this matter with instructions for Commerce to address the deviation from its long-standing practice to not apply AFA based solely on the non-cooperation of a government respondent.

**II.     Even if Commerce Lawfully Applied AFA to Countervail the EBCP, Its Decision Was Not Supported by the Record**

Even if Commerce's application of AFA were lawful, its decision to countervail the EBCP was not supported by substantial evidence on the record. As in *Guizhou II*, Commerce's application of AFA to the EBCP is contrary to the language of the statute and caselaw and functions as "nothing more than an attempt by Commerce to manufacture a conclusion that it is not supported by record evidence." *Guizhou Tyre Co., Ltd. v. United States*, 399 F.Supp.3d 1346, 1348 (Aug. 21, 2019) ("*Guizhou II*") (rejecting Commerce's EBCP remand determination from *Guizhou I*). To make a finding of countervailability that is supported by substantial evidence, the Department must "search 'the far reaches of the record'" and consider evidence that "fairly detract{s} from the reasonableness of its conclusions." *Changzhou Trina Solar Energy Co., Ltd. v. United States*, 195 F.Supp.3d 1334, 1350 (Ct. Int'l Trade 2016) (internal citations omitted).

By basing its decision to countervail the EBCP on AFA, Commerce failed to consider evidence that fairly detracted from the reasonableness of its conclusion. As discussed above and as outlined by Plaintiffs, "the record of this case contains overwhelming and consistent evidence that Baroque's customers did not use the EBCP." Plaintiffs' Rule 56.2 Motion for Judgment on the Agency Record at 42 (ECF No. 44). Still, this was not enough for Commerce.

Not only did Commerce fail to search the far reaches of the record for evidence that fairly detracted from the reasonableness of its conclusions—it improperly disregarded the evidence clearly presented to it. *See* Final IDM at 37-39 (P.R. 369). As this Court has noted, Commerce

7

continues to lose sight of the issue, which is not whether it has a complete and clear understanding of the program, but rather whether the respondent did or did not use or benefit from the program. *Yama Ribbons and Bows Co., Ltd. v. United States*, 419 F.Supp.3d 1341, 1348 (Ct. Int'l Trade 2019). The record evidence available in this matter indicates that neither the subject producers nor their U.S. customers applied for, used, or benefited from the EBCP during the POR, and such non-use is verifiable by Commerce. Even if such information is not verifiable, the evidence provided is sufficient to make a finding of non-use based on the facts available under 19 U.S.C. § 1677e(a). Accordingly, Commerce's decision to countervail the EBCP based on AFA is unsupported by substantial evidence and is contrary to the law.

## CONCLUSION

For the foregoing reasons, Commerce's *Final Results* are unsupported by substantial evidence and otherwise not in accordance with the law. Lumber Liquidators respectfully requests that this Court remand this matter to Commerce so that the agency may address the errors identified above.

                Respectfully submitted,

                /s/ Mark Ludwikowski
                Mark Ludwikowski
                Kevin Williams
                William Sjoberg
                Kelsey Christensen

                *Counsel to Plaintiff-Intervenor*
                *Lumber Liquidators Services, LLC*

March 9, 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this motion complies with the word limitation requirement. The word count for Plaintiff-Intervenor's Rule 56.2 Motion for Judgment on the Agency Record, as computed by Clark Hill's word processing system Microsoft Office Professional, is <u>2,256</u> words.

<u>/s/ Mark Ludwikowski</u>
Mark Ludwikowski

*Counsel to Plaintiff-Intervenor*
*Lumber Liquidators Services, LLC*

March 9, 2023

## CERTIFICATE OF SERVICE

 A true and accurate copy of the foregoing was electronically filed on March 9, 2023, via the Court's ECF filing system, which automatically serves notice on counsel of record.

            <u>*/s/ Mark Ludwikowski*</u>
            Mark Ludwikowski

            *Counsel to Plaintiff-Intervenor*
            *Lumber Liquidators Services, LLC*

Dated: March 9, 2023