UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |
|---|---|
| BAROQUE TIMER INDUSTRIES (ZHONGSHAN) CO., LTD. and RIVERSIDE PLYWOOD CORPORATION, ET AL.,<br><br>        Plaintiffs,<br><br>ZHEJIANG DADONGWU GREENHOME WOOD CO., LTD. et al.,<br>        Consolidated Plaintiffs,<br><br>and<br><br>LUMBER LIQUIDATORS SERVICES, LLC<br><br>        Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant.<br><br>and<br><br>AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,<br><br>        Defendant-Intervenors. | Consol. Ct. No. 22-00210 |

**CONSOLIDATED PLAINTIFF'S  RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Consolidated Plaintiff Zhejiang Dadongwu GreenHome Wood Co., Ltd., ("Consolidated Plaintiff" or "GreenHome"), respectfully submits this motion for judgment on the agency record and for an order remanding to the U.S. Department of Commerce ("Department") the final

results in the administrative review of the countervailing duty order on *Multilayered Wood Flooring from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review,* 2019, 87 Fed. Reg. 36,305 (June 16, 2022) ("*Final Results*").  Support for this motion is set forth in the accompanying Memorandum of Points and Authorities and is hereby incorporated by reference.  A proposed Order is also attached.

      WHEREFORE, Consolidated Plaintiff respectfully requests that this Court grant this motion, hold that DOC's *Final Results* are not supported by substantial evidence and are not in accordance with law for the reasons set forth in the accompanying Memorandum of Points and Authorities, and remand this matter to DOC with instructions to correct the errors of law and fact made in the *Final Results.*

      Respectfully submitted,

      ___/s/ Adams C. Lee___
      Adams C. Lee

      HARRIS BRICKEN SLIWOSKI LLP
      600 Stewart Street, Suite 1200
      Seattle, WA 98101
      (206) 264-5457
      Counsel to Zhejiang Dadongwu GreenHome Wood Co., Ltd.

March 9, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| BAROQUE TIMER INDUSTRIES (ZHONGSHAN) CO., LTD. and RIVERSIDE PLYWOOD CORPORATION, ET AL.,<br><br>            Plaintiffs,<br><br>ZHEJIANG DADONGWU GREENHOME WOOD CO., LTD. et al.,<br>            Consolidated Plaintiffs,<br><br>and<br><br>LUMBER LIQUIDATORS SERVICES, LLC<br>            Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES,<br>            Defendant.<br><br>and<br><br>AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING,<br>            Defendant-Intervenors. | Consol. Ct. No. 22-00210 |

## ORDER

Upon consideration of the Rule 56.2 Motion for Judgment on the Agency Record and accompanying Memorandum of Points and Authorities in support of the Rule 56.2 Motion filed by Consolidated Plaintiff Zhejiang Dadongwu GreenHome Wood Co., Ltd. ("GreenHome"), and all other papers and proceedings had herein, it is hereby

**ORDERED** that Consolidated Plaintiff GreenHome's Rule 56.2 motion is GRANTED; it is further

**ORDERED** that this case is remanded to the U.S. Department of Commerce International Trade Administration, Enforcement and Compliance ("DOC") with instructions that DOC shall reconsider its determination of the rate calculated for GreenHome as a non-selected respondent; it is further

**ORDERED** that following the remand results filed in accordance with this Order, partiesmay file comments on the remand results with thirty (30) days of those results, and they may further file rebuttal comments within thirty (30) days after the filing of the original comments.

                                                                        Hon. Timothy M. Reif, Judge

Dated:_____
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY M. REIF, JUDGE

|  |  |
|---|---|
| BAROQUE TIMER INDUSTRIES (ZHONGSHAN) CO., LTD. and RIVERSIDE PLYWOOD CORPORATION, ET AL., <br><br> Plaintiffs, <br><br> ZHEJIANG DADONGWU GREENHOME WOOD CO., LTD. et al., <br><br> Consolidated Plaintiffs, <br><br> and <br><br> LUMBER LIQUIDATORS SERVICES, LLC <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. <br><br> and <br><br> AMERICAN MANUFACTURERS OF MULTILAYERED WOOD FLOORING, <br><br> Defendant-Intervenors. | Consol. Ct. No. 22-00210 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF CONSOLIDATED PLAINTIFF
ZHEJIANG DADONGWU GREENHOME WOOD CO., LTD.
RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Adams C. Lee
HARRIS BRICKEN SLIWOSKI LLP
600 Stewart Street
Suite 1200
Seattle, WA 98101
(206) 224-5657

March 9, 2023

I.    **RULE 56.2 STATEMENT**

Consolidated Plaintiff Zhejiang Dadongwu GreenHome Wood Co., Ltd., ("Consolidated Plaintiff" or "GreenHome"), contests the U.S. Department of Commerce's ("Department" or "DOC") final results in the administrative review of the countervailing duty order on multilayered wood flooring ("MLWF") from the People's Republic of China for the period January 1, 2019, through December 31, 2019. *Multilayered Wood Flooring from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review,* 2019, 87 Fed. Reg. 36,305 (June 16, 2022) ("*Final Results*") and the accompanying Issues and Decision Memorandum ("*I&D Memo*"). GreenHome seeks judgment upon the agency record with respect to the following issues:

1. If DOC's determination of the countervailable subsidy rate for either of the two mandatory respondents is found to be not supported by substantial evidence or not in accordance with law, then the countervailable subsidy rate assigned to non-selected respondents, including GreenHome, should also be found to be not supported by substantial evidence or not in accordance with law.

II. **ARGUMENT**

Consolidated Plaintiff, GreenHome, is a foreign producer and exporter of the merchandise subject to this countervailing administrative review of *MLWF from China*.

We respectfully submit that the Department's *Final Results* are not supported by substantial error and are not in accordance with law with regard to (1) the calculation of the countervailable subsidy rates assigned to the mandatory respondents, and (2) the calculation of the countervailable subsidy rate for GreenHome and other non-selected respondents.

We support and incorporate by reference the arguments raised by Plaintiffs Baroque Timber Industries (Zhongshan) Co., Ltd. ("Baroque Timber") and Riverside Plywood Corporation ("Riverside") (collectively "Baroque") as presented in Baroque's February 7, 2023 Memorandum of Law in Support of Baroque's Motion for Judgment on the Agency Record.

GreenHome respectfully requests that the Court hold that, if DOC's calculation of the countervailable subsidy rate assigned to mandatory respondent Baroque Timber is found to be not supported by substantial evidence or not in accordance with law, the countervailable subsidy rate assigned to non-selected respondents, including GreenHome, should also be found to be not supported by substantial evidence or not in accordance with law. GreenHome accordingly requests that the Court remand this matter to DOC with instructions to recalculate the countervailable subsidy rate to be assigned to the non-selected respondents.

                    Respectfully submitted,

                    ___/s/ Adams C. Lee___
                    Adams C. Lee

                    HARRIS BRICKEN SLIWOSKI LLP
                    600 Stewart Street, Suite 1200
                    Seattle, WA 98101
                    (206) 264-5457
                    Counsel to Zhejiang Dadongwu GreenHome Wood
                    Co., Ltd.

**Certificate of Compliance with Chambers Procedure 2(B)(1)**

The undersigned hereby certifies that this brief complies with the word limitation requirements set forth in the Standard Chambers Procedures of the U.S. Court of International Trade. Based on the word count feature of Microsoft Word, the foregoing brief contains 380 words exclusive of the exempted items listed in Chambers Procedure 2(B)(1)(c).

BY: /s/Adams C. Lee
Adams C. Lee